Where an attorney resides in one town or city, and has his office for the transaction of business in another, how shall persons in the latter place serve papers upon him if his office be closed ? They are not bound to follow him to his residence and make manual delivery there. If bound to serve papers at his residence at all, in 'such case, service by mail is sufficient.
In such case, if, in compliance with the fifth of the rules of court, the attorney adds the place of his office to his name, he is concluded thereby. Such place will be deemed his residence for the purpose of such service, so that persons desiring to make service will not be bound to go or send to another town, though being his actual residence.
And where the paper to be served is an answer in a cause in which the summons, (in obedience to § 128 of the Code,) specifies the place where the answer was required to be served on the plaintiff’s attorney, the defendant is not bound to serve his answer in any other place. And if the attorney’s office is closed and he does not reside in that place, an endeavor to serve at the office, within the time allowed to answer, followed by an actual service within a reasonable time afterwards, when the office is open, will be regarded as a sufficient service.
A party is not bound to make an impracticable service.
Where the plaintiff’s attorney issued a summons requiring the answer to be served on him at the city of Hew York, and added to his subscription "195 Broadway,” that being his office, and, on the last day for answering, the defendants’ attorney, at about four o’clock, p. m., sent the answer to his office, and found it closed, the plaintiffs’ attorney having left the city for his residence at Flushing; and again, the next day, the defendants’ attorney sent the answer to his office, and the plaintiffs’ attorney refused to receive it, having in fact entered up judgment and issued execution that morning.
Held, that the defendants’ attorney was regular, and the judgment, etc., irregular; and the judgment and execution were set aside, with costs. (Reported in 15 How. Pr. R. 31-3.)